IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY MITCHELL, SR. and PAULETTE MITCHELL, individually and as successors in interest to TIMOTHY MITCHELL, JR.,

Plaintiffs,

v.

CITY OF PITTSBURG, et al.,

Defendants.

No. C 09-00794 SI

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs have filed a motion for leave to file an amended complaint. This matter is currently set for hearing on November 13, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS plaintiffs' motion.

**BACKGROUND**

This civil rights action arises from the 2008 shooting death of Timothy Mitchell, Jr. by City of Pittsburg police officer Lester Galer while Galer and other officers were attempting to execute a search warrant for marijuana at Mitchell's home in Antioch, California. According to plaintiffs, after finding the front door ajar, Officer Galer "rushed through the doorway with his weapon extended before him" and shot Mitchell immediately upon entering the apartment. Complaint ¶ 11. Plaintiffs allege that Mitchell was standing immediately inside the front door when he was shot, apparently having opened the door for the officers. *Id.* Mitchell was allegedly unarmed and only partly clothed. *Id.*

On February 24, 2009, plaintiffs, Mitchell's mother and father, filed a 42 U.S.C. § 1983 and

1  wrongful death action against Galer, the City of Pittsburg, and Pittsburg Police Chief Aaron Baker, claiming violations of the Fourth Amendment, Fourteenth Amendment, and California law. After defendants answered the complaint, plaintiffs informed the Court that they intended to file a motion seeking leave to file an amended complaint adding new defendants and a new cause of action. Presently before the Court is plaintiffs' motion for leave to file an amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, leave to amend a complaint should be freely given "when justice so requires." This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court should granted leave to amend with "extreme liberality." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality").

However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## DISCUSSION

Plaintiffs seek leave to amend their complaint in order to add the following new defendants: (1) the Central Contra Costa Narcotics Enforcement Taskforce ("CCCNET"), which plaintiffs describe as "a multi-agency drug task force" of which Officer Galer was a part; (2) CCCNET's Commander Norm Wielsch; (3) Sergeants Sean Dexter and Louis Lombardi, members of the CCCNET force alleged to have been involved in executing the warrant in question; and (4) the City of Walnut Creek and the City of San Ramon. Plaintiffs also seek to add a new cause of action under the Fourteenth Amendment.

2

Defendants have gone to little effort to identify a valid reason to deny leave to amend the complaint. First, defendants contend that leave to amend should be denied because prior to filing the present motion, "plaintiffs did not seek modification of the pre-trial scheduling order as required by FRCP 16(b)." Federal Rule of Civil Procedure 16(b) sets forth no such requirement. To the extent defendants' argument can be understood as an assertion that granting leave to amend will cause undue delay or unfair prejudice, the Court is unpersuaded. Second, defendants contend that leave to amend should be denied because plaintiffs were aware of the identities of the newly proposed defendants before filing their original complaint. Absent any indication of bad faith on plaintiffs' part, however, the Court is not inclined to deny plaintiffs' motion on this basis.

In short, none of the factors that may weigh against granting leave to amend a complaint is present in this case. Defendants have not shown that plaintiffs' motion is made in bad faith, that amendment of the complaint will cause undue delay or prejudice, or that amendment would be futile; moreover, plaintiffs have not previously amended the complaint. Accordingly, the Court GRANTS plaintiffs leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown, plaintiffs' motion to file an amended complaint is GRANTED. (Docket No. 25). Plaintiffs are ordered to file their amended complaint no later than **November 11, 2009**.

**IT IS SO ORDERED.**

Dated: November 4, 2009

SUSAN ILLSTON
United States District Judge