United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MITCHELL, SR., et al., | No. C 09-00794 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CITY OF PITTSBURG; et al., | |
| Defendants. | |

Defendant Norman Wielsch's motion to dismiss is currently scheduled for hearing on July 23, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion.

**BACKGROUND**

This suit arises out of the shooting death of decedent Timothy Mitchell, Jr. by defendant police officer Lester Galer on March 11, 2008. FAC ¶ 20.[1] Defendant Galer was a police officer employed by the City of Pittsburg, also a defendant in this action, and was a member of the Contra Costa County Narcotics Enforcement Team ("CCCNET"). *Id.* ¶¶ 7, 21. The shooting occurred while Galer and other officers were attempting to execute a search warrant at decedent's home. *Id.* ¶ 20.

---

[1] The complaint filed May 14, 2010, which was filed with leave of Court to include defendant Wielsch, is erroneously labeled First Amended Complaint, although it is actually the second amended complaint in this case.

According to the complaint, defendant Norman Wielsch, the commander of CCCNET, was responsible for planning, authorizing, and supervising the execution of the search warrant. *Id.* ¶ 21. The warrant was authored by and granted to Officer Sean Dexter, a police officer employed by the City of Walnut Creek and a member of CCCNET, who had received information from a "confidential reliable informant" that decedent had a quantity of marijuana and a sawed-off shotgun in his apartment. *Id.* ¶¶ 22-24. At a briefing before the execution of the warrant, Dexter informed the other officers that the person on whom the search was being conducted had a shotgun in his possession as well as a prison record which included convictions for robbery and the sale of cocaine. *Id.* ¶ 26.

According to plaintiffs, the officers arrived at decedent's residence at 7:00 a.m. on March 11, 2008. *Id.* ¶ 28. Officer Dexter knocked on decedent's door and announced the officers' presence, and immediately thereafter Officer Lombardi, another CCCNET member, tried to force open the door. Lombardi had problems opening the door and eventually decedent opened it. *Id.* ¶¶ 28, 32-34. Galer entered decedent's home, holding his firearm extended in front of him, with Lombardi behind him. Galer's weapon discharged, killing decedent. *Id.* ¶¶ 37-38.[2] According to plaintiffs, fingerprints later revealed that decedent did not have a criminal history. *Id.* ¶ 39.

Plaintiffs, who are decedent's parents, filed this action on February 24, 2009, alleging civil rights violations on behalf of their deceased son and on their own behalf. Plaintiffs' First Cause of Action alleges that decedent's rights under the Fourth Amendment were violated by the manner in which the search warrant was executed. The Second Cause of Action alleges a violation of decedent's Fifth Amendment right not to be deprived of life without due process of law. The Third Cause of Action alleges a violation of decedent's Fourteenth Amendment right not to be placed in danger by the police. The Fourth Cause of Action alleges a violation of plaintiffs' Fourteenth Amendment right to enjoy family relations. The FAC contains two claims labeled "Fifth Cause of Action," both of which are pled under the Fourteenth Amendment against Commander Wielsch only. The first of these two claims alleges failure to train, and the second alleges deliberate indifference. Finally, the Sixth Cause of Action claims that all defendants other than Wielsch are liable for wrongful death under California law.

---

[2] Plaintiffs variously allege that Officer Galer's weapon went off accidentally because Officer Lombardi "shoved him from behind," *id.* ¶ 37, and that Officer Galer "intentionally shot and killed Decedent," *id.* ¶ 43.

2

1    In the motion now before the Court, defendant Wielsch moves to dismiss plaintiffs' Second,
2 Third, and (second) Fifth Causes of Action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.    Fifth Amendment Claim

Plaintiffs' Second Cause of Action alleges a violation of decedent's Fifth Amendment right not to be deprived of life without due process of law. Defendant moved to dismiss this claim on the ground that it is not properly brought under the Fifth Amendment, and plaintiffs have stated in their opposition

3

that they do not oppose dismissal of the claim. Plaintiffs' Second Cause of Action is therefore DISMISSED without leave to amend.

## II.     Danger Creation Claim

Plaintiffs' Third Cause of Action alleges that defendants violated decedent's rights under the Fourteenth Amendment by placing him in mortal danger during the service of the warrant. Defendant moves to dismiss this claim on the ground that a Fourteenth Amendment claim is unavailable in this situation. For the reasons set forth below, the Court agrees.

First, plaintiffs' claim is more appropriately brought under the Fourth Amendment, rather than the Fourteenth Amendment. "The use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures." *Miller v. Clark County*, 340 F.3d 959, 961 (9th Cir. 2003). Because the Fourth Amendment therefore "provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,'" should be used in analyzing any claim "that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 388 (1989); *see also Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (same rule applies to search cases). In this case, because the death occurred during the service of a search warrant, plaintiffs' claim is properly pled under the Fourth Amendment, as plaintiffs have already done in their First Cause of Action.

Second, even if plaintiffs could state a claim under the Fourteenth Amendment, the asserted "danger creation" theory does not apply under the facts of this case. Fourteenth Amendment danger creation liability, which arises as an exception to the "general rule . . . that the Fourteenth Amendment does not impose a duty on government officers to protect individuals from third parties," permits a plaintiff to state a claim against a government actor who places her in a position of danger in which she is then injured. *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006). Ninth Circuit case law makes clear that the doctrine is intended to apply only where the plaintiff has been injured by the act of a third party or some other intervening cause, not where the plaintiff is injured directly by a state actor. *See Kennedy*, 439 F.3d at

4

1061 (danger creation theory pertains to "the state's failure to protect an individual against *private violence*") (emphasis added); *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992) (applying doctrine in case "involving harm inflicted by a *third party who was not a state actor*") (emphasis added); *see also Munger v. City of Glasgow*, 227 F.3d 1082 (9th Cir. 2000) (police officers could be held liable for the hypothermia-related death of a visibly drunk patron whom they ejected from a bar on a freezing night; *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997) (officers canceled decedent's 911 call and locked him in his home despite the fact that he was in grave need of medical care); *L.W.*, 974 F.2d at 121-22 (state officials liable for rape of nurse left alone with known violent sex offender); *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989) (police officer could be liable for the rape of the passenger of a car who was left at night in a high crime area after the driver was arrested and the car was impounded).

In the present case, by contrast, decedent was not injured by the act of a private third party or some other intervening cause. Rather, he was shot and killed by Officer Galer, a state actor. Plaintiffs are able – as they have done – to bring constitutional claims directly against Galer, the other officers, and the City of Pittsburg. Thus, this case does not fall within the "danger creation" line of cases, and plaintiffs' Third Cause of Action must be DISMISSED without leave to amend.[3]

### III. Failure to Supervise Claim

Plaintiffs' (second) Fifth Cause of Action alleges that defendant Wielsch is liable under the Fourteenth Amendment for failure to supervise. Defendant Wielsch moves to dismiss this claim on the ground that it states insufficient facts to appear plausible on its face.

A plaintiff seeking to state a constitutional claim against a supervisory-level government official must allege that "the official's own individual actions" violated the Constitution; in other words, a government supervisor cannot be held vicariously liable for a subordinate's constitutional violations. *Iqbal*, 129 S. Ct. at 1948. Plaintiffs' claim for failure to supervise is based on Wielsch's own actions in allegedly failing to supervise the execution of the search warrant, and therefore meets this standard. To adequately state a claim, however, plaintiffs must allege that Wielsch's alleged failure to supervise

---

[3] Plaintiffs also state a cause of action for deprivation of their Fourteenth Amendment right to enjoy family relations. This cause of action is not contested here by defendants.

5

the other officers in appropriately carrying out the search warrant amounted to either deliberate indifference to decedent's constitutional rights or was done with a purpose to harm. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).[4] Plaintiffs must offer enough facts to make it appear plausible that Wielsch's actions or omissions proximately caused decedent's death with deliberate indifference or the purpose to harm.

The cause of action in its entirety states as follows:

53. As Commander of CCCNET, Defendant WIELSCH had a legal duty to supervise CCCNET in its execution of the search warrant;

54. WIELSCH was deliberately indifferent to such a duty to supervise the operation and thereby proximately caused the death of Decedent.

FAC ¶ 53-54. The only other facts alleged in the FAC that pertain to Wielsch are that Galer was acting "under the command of defendant NORMAN WIELSCH who was responsible for planning, authorizing, and supervising the execution of the warrant," *id.* ¶ 21, and that "[t]he decision to execute the search warrant by means of a forced entry at 7:00 a.m. was authorized by Commander WIELSCH who was present at the assembly and briefing and joined in the execution of the of the warrant," *id.* ¶ 28. Plaintiffs do not provide any facts explaining how Wielsch's alleged failure to supervise was a cause of decedent's shooting death, much less that Wielsch acted or failed to act with deliberate indifference or a purpose to harm. For these reasons, plaintiffs' (second) Fifth Cause of action is insufficient to state a claim and is DISMISSED with leave to amend.

**VI.     Plaintiffs' request for leave to amend to add new claim**

In their opposition brief, plaintiffs have also requested leave to amend the complaint to add a claim for civil conspiracy. Plaintiffs assert that the facts currently pled in the complaint support a conspiracy cause of action in that "the manner in which CCCNET attempted to execute the search warrant posed [an] unreasonable danger to Decedent and . . . inflicted an injury upon him." Oppo. at 8.

Plaintiffs' request to add a new cause of action is improperly included in their opposition papers;

---

[4] The parties dispute whether the deliberate indifference standard or the purpose to harm standard applies in this case. The Court need not decide this question, as plaintiffs' allegations are insufficient under either standard.

6

any such request must be brought through a separate motion for leave to amend. *See* Civil L.R. 7-1(a), 7-2. Additionally, contrary to plaintiffs' assertion, the facts currently pled in the complaint do not support a cause of action for civil conspiracy, which requires the showing of "an agreement or meeting of the minds to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). This request for leave to amend the complaint to add a cause of action for civil conspiracy is therefore DENIED. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend may be denied where amendment would be futile).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss the Second, Third, and (second) Fifth Causes of Action. Leave to amend is granted as to the (second) Fifth Cause of Action only. Should plaintiffs choose to amend their complaint in accordance with this order, the amended complaint is due no later than **July 30, 2010.**

**IT IS SO ORDERED.**

Dated: July 19, 2010

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE