IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MITCHELL, SR., *et al.* | No. C 09-00794 SI |
| Plaintiffs, | **ORDER GRANTING RELIEF FROM FINAL JUDGMENT** |
| v. | |
| CITY OF PITTSBURG, *et al.* | |
| Defendants. | |

A limited remand having been granted by the United States Court of Appeals for the Ninth Circuit, pending before the Court is the Court's own Rule 60(b) motion to relieve plaintiffs from the final judgment entered in this case. Having considered the papers submitted, the Court hereby GRANTS to plaintiffs relief from the final judgment entered in this case, and schedules a case management conference for **September 30, 2011 at 3:00 p.m.**

## BACKGROUND

**I.     Procedural history**

This suit arises out of the shooting death of decedent Timothy Mitchell, Jr. by defendant police officer Lester Galer on March 11, 2008. Defendant Les Galer was a police officer employed by the City of Pittsburg, and was a member of the Contra Costa County Narcotics Enforcement Team ("CCCNET"). The shooting occurred while several officers were attempting to execute a search warrant at Mr. Mitchell's apartment. The plaintiffs in this case are Timothy Mitchell, Sr. and Paulette Mitchell, the parents of Timothy Mitchell, Jr.

On January 26, 2011, the Court granted the summary judgment motions filed by the five

defendants who remained in this case, all of whom are or were police officers: Les Galer and his identical twin brother Phil Galer, Sean Dexter, Louis Lombardi, and Norman Wielsch. Judgment was entered against plaintiffs, and they appealed. While the appeal was pending in the Ninth Circuit, the Court issued an Order in which it indicated that, on its own motion, it wished to order further briefing in this case. *See* Doc. 39 (citing Fed. R. Civ. P. 60(b); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999)). The Court requested that the United States Court of Appeals for the Ninth Circuit grant a limited remand to allow the parties to brief, and the Court to consider, the following substantial issue:

> Whether the criminal indictment of two of the defendants in this case has any impact on this case, such that plaintiffs should be relieved from the final judgment under Federal Rule of Civil Procedure 60(b).

The Ninth Circuit remanded the case to this Court to permit the Court to consider the described Rule 60 motion. With the Court's permission, plaintiffs filed a brief in support of the Court's motion, and defendants filed briefs in opposition to the motion.[1]

## II. New facts referenced in the indictment

Norman Wielsch was arrested in February 2011, and Louis Lombardi was arrested in May 2011. The Second Amended Felony Complaint charges Wielsch, Lombardi, and two others, with a total of thirty-eight violations of the California Health and Safety Code and California Penal Code. *See* Indictment, Request for Judicial Notice (Doc. 154-1), Ex. A.[2] Count three of the indictment charges a conspiracy between the four defendants and other unnamed coconspirators to violate sections 11379(a), 11378, 11360(a), and 11359 of the Health and Safety Code, and sections "503/504" and "459/460(b)" of the Penal Code. *Id.* at 3. The conspiracy is alleged to have occurred between June 1, 2008 and May 4, 2011. *Id.*

The indictment alleges 27 overt acts in furtherance of this conspiracy, related to obtaining and

---

[1] Plaintiffs have requested the opportunity to file a reply brief. That request is DENIED.

[2] Upon the request of defendants Wielsch and Lombardi, the Court takes judicial notice of the existence of the indictment—an official public record—and the charges contained therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

2

selling marijuana, Alprazolam (Xanax) pills, anabolic steroids, ephedrine, methamphetamine, oxycontin, and Ecstasy pills. *Id.* at 3–5. It is alleged that, in May 2009, Wielsch, Lombardi, and one other conspirator met to "discuss[] how to make money in the marijuana business using a Contra Costa Narcotics Enforcement Task Force confidential informant known by Lewis [sic] Lombardi." *Id.* at 4–5 (overt act no. 23). It is alleged that Wielsch obtained methamphetamine from the Contra Costa County Sheriff's property room and marijuana from the Contra Costa County Narcotics Enforcement Task Force. *Id.* at 4 (overt acts nos. 16 & 19). It is alleged that Lombardi sold marijuana seized in a raid, and Ecstasy pills, to a confidential informant. *Id.* at 5 (overt acts nos. 25 & 26).

In addition, Lombardi was charged with felony embezzlement by an officer in violation of Penal Code section 504, for actions taken in August 2007. *Id.* at 20.

The lead investigator in the criminal case against defendants Wielsch and Lombardi has filed a declaration that his investigation has not revealed any evidence that defendants Phil Galer, Les Galer, or Dexter, had any involvement in, or knowledge of, any of the criminal actions for which defendants Wielsch and Lombardi have been charged. Decl. of Daryl Jackson in Supp. of Def. Oppo., ¶¶ 1 & 2. Nor do any of the charges filed against defendants Wielsch and Lombardi arise out of the search and shooting that occurred in this case. *Id.* ¶ 4.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure states that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A motion under Rule 60(b) may be brought by one of the parties, or by the Court sua sponte. *See Kingvision Pay-Per-View*, 168 F.3d at 352.

Under Rule 60(b)(2) for relief from judgment based upon newly discovered evidence, the movant must show that "the evidence (1) existed at the time of [entry of judgment], (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990 (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)). *Accord Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007).

Rule 60(b)(6)'s catch-all provision is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). *Accord Fantasyland Video*, 505 F.3d at 1005. "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Alpine Land & Reservoir*, 984 F.2d at 1049.

## DISCUSSION

The Court resolved defendants' motions for summary judgment based primarily on the statements of defendants—the only percipient witnesses in this case to have survived. In particular, the Court relied on the September 30, 2010, deposition testimony of defendant Wielsch; the October 12, 2010, deposition testimony of defendant Lombardi; the October 18, 2010 declaration of defendant Wielsch; and the December 2, 2010 declaration of defendant Lombardi. The Court is now faced with an indictment charging that, some six months before police actions which ended with the shooting death of Mr. Mitchell, defendant Lombardi had feloniously embezzled property that was in his possession and control by virtue of his trust as a police officer for the Contra Costa Sheriff's Office. *See* Indictment at 20 (August 2007). And the Court is faced with an indictment charging that, at the time they were

4

deposed and signed their declarations, defendants Wielsch and Lombardi were engaged in a conspiracy to obtain and sell a large variety of illegal drugs, misusing their authority as police officers, including their ability to access drugs seized in raids, and their ability to sell drugs through connections with confidential informants. *Id.* at 3–5 (June 2008 through May 2011). In particular, the depositions occurred at almost the same time as defendant Wielsch is alleged to have given defendant Lombardi a half pound of marijuana that had been seized in a raid, which defendant Lombardi is alleged to have sold to an out-of-state confidential informant. *See id.* at 5 (overt act no. 26; October 2010).

Plaintiffs were never given the opportunity to examine defendants with regard to the facts that form the basis of the indictment against defendants Wielsch and Lombardi. Plaintiffs did not have the opportunity investigate whether defendants Wielsch and Lombardi changed their stories or omitted information in order to escape increased scrutiny in this case, and to avoid any chance that such scrutiny would lead to the discovery of the conspiracy charged in the indictment. And in fact, defendant Lombardi did change his description of the raid between the coroner's inquest in August 2008 and his deposition in October 2010, in such a way that it more closely paralleled the descriptions provided by the other officers. *See* Order Granting Def. Mots. for Summary Judgment (Doc. 129) at 8, 16 n.8.

Although the facts that form the basis of the indictment existed at the time of the summary judgment motion, they could not have been discovered by plaintiffs.[3] Plaintiffs simply could not have asked defendants Wielsch and Lombardi during their initial depositions whether they were part of a criminal conspiracy involving abuse of trust, without any evidence that such a conspiracy existed.

Finally, these facts are of such magnitude that production of them earlier would have been likely to change the disposition of the case. This is not to say that the simple inclusion of these facts in plaintiffs' opposition to defendants' motions for summary judgment would have been sufficient to create a genuine issue of material fact. Rather, these new facts raise such substantial issues as to credibility and motive/bias that plaintiffs would have been entitled to take additional discovery before summary

---

[3] Defendant Wielsch argues that because neither he nor defendant Lombardi had been indicted before judgment was entered in this case, Rule 60(b)(2) cannot support a grant of relief from the judgment. It is not the indictment itself that is newly discovered evidence that needed to exist at the time of entry of judgment—rather, it is defendant Lombardi's alleged embezzlement and the alleged criminal conspiracy, which are outlined in the indictment, that constitute the newly discovered evidence.

5

judgment could have been granted.[4]

The Federal Rules of Civil Procedure empower a district court to allow additional discovery on summary judgment "[i]f a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f); *see also Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (stating that it is "[c]ritical[]" whether information sought would have shed light on any of the issues upon which the summary judgment decision was based). "[T]he denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

Had plaintiffs been in possession of the newly discovered evidence at the time that defendants filed their motions for summary judgment, and had plaintiffs made a timely application to conduct additional discovery by further deposing defendants Wielsch and Lombardi, in order to determine whether either of them provided false information in this case in an attempt to cover up their criminal conspiracy, they would have been entitled to the relief permitted by Rule 56(f).[5] Certainly there is "some basis for believing that th[is] information . . . actually exists." Therefore, plaintiffs are entitled to relief from the final judgment entered against them under Rule 60(b)(2).[6]

---

[4] Defendant Wielsch argues that, rather than granting the Rule 60(b) motion, the Court should determine whether defendant Wielsch was entitled to summary judgment on an alternate argument presented in his original motion for summary judgment. Even if the Court has jurisdiction under the Ninth Circuit's limited remand order to do this, the Court declines. Defendant Wielsch's alternate argument relies on what he calls uncontested evidence, consisting of his own declarations. Plaintiffs should have the opportunity to take additional discovery before the Court grants a summary judgment motion in this case on the basis of this type of uncontested evidence.

[5] Defendant Wielsch is correct that the Court was not permitted to make credibility determinations at the summary judgment stage. However, the absence of evidence calling defendants' narrative into question was highly relevant to the Court's determination, and therefore this discovery request would have been relevant to the resolution of the summary judgment motions.

[6] In the alternative, the Court finds that Rule 60(b)(6)'s catch-all provision applies. Certain extraordinary circumstances beyond plaintiffs' control are present here—evidence of the existence of a criminal conspiracy between two of the police officers sued, at the time that the officers were providing testimony in this case, involving an abuse of trust of their positions as law enforcement

6

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court's Rule 60(b) motion to relieve plaintiffs from the final judgment entered in this case is hereby GRANTED, and a case management conference is scheduled for **September 30, 2011 at 3:00 p.m.**

**IT IS SO ORDERED.**

Dated: September 2, 2011

SUSAN ILLSTON
United States District Judge

---

officers, and uncovered shortly after entry of final judgment in this case, where the Court relied in large part on the testimony of these two defendants in granting their motions for summary judgment. These extraordinary circumstances prevented plaintiffs either from taking timely discovery about defendants Wielsch and Lombardi's motive to lie in this case, or from making a timely Rule 56(f) motion. Had plaintiffs provided the Court with an affidavit alleging the facts that form the basis of the indictment, the Court would have granted a Rule 56(f) motion, and it would not have entered summary judgment—meaning that plaintiffs were injured by the erroneous entry of summary judgment. The injustice of this situation is manifest.