IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MITCHELL SR., *et al.* | No. C 09-00794 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| CITY OF PITTSBURG, *et al.* | |
| Defendants. | |

Plaintiffs have filed a motion to compel defendants to disclose the identity of a confidential informant ("CI"), or in the alternative, to hold *in camera* proceedings with the CI. Plaintiffs' motion is scheduled for hearing on January 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and hereby VACATES the hearing. Based on the record, the Court GRANTS plaintiffs' motion for disclosure, and ORDERS defendants to disclose the identity of the witness subject to a protective order.

**BACKGROUND**

This suit arises out of the shooting death of Timothy Mitchell, Jr. by defendant police officer Lester Galer on March 11, 2008. The shooting occurred while several officers, including the defendants in this case, were attempting to execute a search warrant at Mr. Mitchell's apartment. The affidavit used to obtain the search warrant relied, inter alia, on statements made by a confidential informant ("CI") in March, 2008. Only decedent Timothy Mitchell, Jr. and law enforcement officers, including defendants in this case, were present in the apartment at the time of the shooting.

On January 26, 2011, the Court granted the summary judgment motions filed by defendants, all

of whom are or were police officers: "Les" Galer and his identical twin brother Phil Galer, Sean Dexter, Louis Lombardi, and Norman Wielsch. While plaintiffs' appeal of that order was pending in the Ninth Circuit, Officers Lombardi and Wielsch were indicted for stealing and selling drugs obtained during drug enforcement raids, in addition to burglarizing raided homes. In response to the indictments, this Court issued an Order, *sua sponte*, indicating its wish to order further briefing in this case. The Court requested, and the Ninth Circuit granted, a limited remand to allow the parties to brief, and the Court to consider, whether the federal criminal indictments impact this case such that plaintiffs should be relieved from the final judgment entered in this case under Federal Rule of Civil Procedure 60(b).

On September 2, 2011, the Court granted the Rule 60(b) motion to relieve plaintiffs from the final judgment, in light of the indictments. The Court reasoned that it had resolved defendants' motions for summary judgment based primarily on statements of the defendants, including statements made in the depositions and declarations of Lombardi and Wielsch, some of which were made around the same time as the illegal acts alleged in the indictments. (Ord. Granting Relief 4.)

Defendant Dexter used the CI's statements, allegedly made in March of 2008, in the affidavit which provided the basis for the search warrant that was used to enter Mitchell's home, where Mitchell was shot. (Dexter Decl. ¶ 9, Dec. 3, 2010.)[1] In the course of resumed discovery, plaintiffs requested, and defendants refused to agree to, the disclosure of the CI's identity. (*See* Decl. Steven Yourke, Dec. 7, 2011.) Plaintiffs filed a motion to compel disclosure of the CI's identity. (Pls' Mot. to Compel 1, Dec. 7, 2011.)

**DISCUSSION**

The Court has discretion to compel disclosure of a CI's identity. *See United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989). The Court may order disclosure "[w]here the disclosure of an

---

[1] Defendant Dexter was the case agent or lead investigator for the search warrant. Dexter Decl. ¶ 8. He reports that a confidential informant told him that an African-American man named Tim was selling marijuana out of 1017 H Street, Apartment 19, in Antioch, California. *Id.* ¶ 9. Timothy Mitchell, Jr. lived in that apartment. *Id.* ¶ 11. The CI identified Mr. Mitchell's photograph. *Id.* ¶ 12. Defendant Dexter also reports that the CI told him that Mr. Mitchell kept a sawed off shotgun by the front door, although this detail is not included on the search warrant application. *Id.* ¶ 9 & Ex. A.

2

informer's identity, or of the contents of his communication, . . . is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *McCray v. Illinois*, 386 U.S. 300, 309-10 (1967). While there is no "fixed rule" for when disclosure is justified, the inquiry calls for a balancing of interests. *Roviaro,* 353 U.S. at 62. Determining "[w]hether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62.

A plaintiff in a civil rights case can "compel a defendant police officer to produce the identity of a confidential informant, where the informant's confidences purportedly provided the basis for the allegedly unlawful search of the plaintiff's home," if on balance, "the plaintiff's interest in making a fair presentation of her case" outweighs "the defendants' interest in protecting investigative sources and preserving the safety of cooperating individuals." *Rodriguez v. City of Springfield*, 127 F.R.D. 426 (D. Mass 1989). In *Rodriquez*, one primary allegation was that information in an affidavit used to obtain a search warrant contained deliberate falsehoods. *Id.* at 429. The court cited "recent allegations of police misconduct" as "evidence that officers do sometimes create fictitious informants" to " justify the issuance of a warrant." *Id.* at 428 n.3. The court cautioned that officers are not uniformly insulated from "civil rights actions arising from illegal searches conducted as a result of information purportedly received from a confidential informant." *Id*. It further observed that where Fourth Amendment violations are alleged, a "risk of an improper invasion of [peoples' homes] is heightened, not decreased, where a confidential informant is involved." *Id.* at 430. The Court finds *Rodriguez*'s reasoning persuasive.

In the circumstances of the present case, the Court determines that the balance favors plaintiffs' interests in disclosure. Plaintiffs contend that disclosure of information about the CI is necessary to determine the CI's existence and reliability, and to test the assertions made in Defendant Dexter's affidavit. (Pls' Mot. 6.) Plaintiffs assert that disclosure is the only effective and available means to challenge the validity of the search warrant, in support of their Fourth Amendment claims. (*Id.* at 3-4, 6.) Further, plaintiffs emphasize that concerns about the CI's safety or legitimate interests of law enforcement can be addressed by means of a "tightly drawn protective order." (*Id.*) It is noteworthy,

1 with respect to safety interests, that the CI allegedly made the relevant statements to Defendant Dexter
2 nearly four years ago. (Dexter Decl. ¶ 9, Dec. 3, 2010.) Concerns surrounding the recent indictment
3 of Defendants Lombardi and Wielsh for misconduct in drug raids also weigh in the balance.

4 Defendants do not argue or submit any evidence suggesting that disclosure would compromise the CI's safety; rather, defendants appeal only to a generalized law enforcement interest in informant confidentiality, and explain that defendants would require assistance from District Attorney investigators to find the CI. (Defs' Opp. 4.)[2]

Based on the record before the Court, the Court finds that, on balance, disclosure of the CI's identity is warranted. *See Rovario,* 353 U.S. at 60-61 ("Where the disclosure of an informer's identity, or of the contents of his communication, . . . is essential to the fair determination of a cause, the privilege must give way."); *United States v. Ordonez*, 737 F.2d 793, 809 (9th Cir. 1984) (same).

The Court ORDERS disclosure of the identity of the CI, and GRANTS plaintiffs' motion to that extent. All information provided pursuant to this order shall be subject to a protective order that will be submitted by the parties. Parties shall submit a proposed protective order by January 18, 2012.[3]

**IT IS SO ORDERED.**

Dated: January 12, 2012

SUSAN ILLSTON
United States District Judge

---

[2] Defendants also argue that plaintiffs waived any right to file a discovery motion to compel disclosure, where the first attempt to do so only came after the Court granted the Rule 60(b) motion. (Defs' Opp. 3-4.) The Court need not address this argument, as new facts have clearly presented themselves in the form of Defendants Lombardi and Wielsh's indictments. Additionally, defendants offer, as an alternative to disclosure, a CD interview from the Protocol Investigation that followed Mitchell's shooting death for the Court's *in camera* review. In light of defendants' failure to present any case-specific interest in maintaining the confidentiality of the CI's identity, the Court declines to rule on this offer. (*See* Defs' Opp. 4-5.)

[3] Defendants raise a separate dispute regarding the further deposition of Defendant Lombardi. (Defs' Opp. 6-7.) Parties may submit joint or individual statements regarding the discovery dispute pursuant to this Court's Standing Order.

4