STEVEN C. MITCHELL, ESQ., SBN 124644
ROBERT W. HENKELS, ESQ., SBN 255410
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, California 95404
Telephone: (707) 545-1660
Facsimile: (707) 545-1876

Attorneys for Defendant
NORMAN WIELSCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MITCHELL, SR., and PAULETTE MITCHELL, individually and as successor in interest to TIMOTHY MITCHELL, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PITTSBURG, et al.,<br><br>Defendants. | CASE NO.: CV 09 0794 SI<br><br>[~~PROPOSED~~] ORDER RE CASE MANAGEMENT CONFERENCE<br><br>Date: March 23, 2012<br>Time: 3:00 p.m.<br>Courtroom: 10, 19th Floor |

This Court held a Case Management Conference on March 23, 2012 for the above-entitled case. Steven R. Yourke, Esq., appeared on behalf of all plaintiffs. Peter P. Edrington appeared on behalf of defendants Lester Galer, Phil Galer, Sean Dexter, and Louis Lombardi. Robert W. Henkels, Esq, appeared on behalf of defendant Norman Wielsch. With respect to the issues raised by the parties both orally before this Court and in their papers submitted in preparation for the conference, the Court hereby finds and orders as follows:

1. On September 2, 2011, this Court issued an order granting plaintiffs relief from summary judgment pursuant to Rule 60(b) on the grounds that new criminal indictments had been filed against two of the named defendants. This Court granted plaintiffs said relief so that both the Court and the parties may further review whether any new evidence arising from those indictments creates a triable issue of fact precluding summary judgment.

2. At the Case Management Conference on March 23, 2012, and in their statement submitted to this Court on March 17, 2012, plaintiffs represented to the Court their plans for discovery. Specifically, plaintiffs represented that they seek to re-depose Louis Lombardi, Norman Wielsch, and possibly, Sean Dexter. They also informed the Court that they intended to depose the Confidential Reliable Informant involved in obtaining the search warrant for Timothy Mitchell's residence. Finally, plaintiffs seek review of the records reflecting the Confidential Reliable Informant's interview with investigators after the subject incident. During deliberations, this Court was informed that the criminal prosecution of defendant Norman Wielsch is ongoing and that no criminal trial date has yet been set. This Court, therefore, agrees with the parties that, due to Mr. Wielsch's understandable assertion of his rights under the Fifth Amendment, his deposition would be unlikely to yield relevant evidence.

3. In consideration of the plaintiffs' requests, and having heard from all parties, this Court hereby grants leave to plaintiffs to conduct the following discovery:

    a. Depose the Confidential Reliable Informant

    b. Re-depose Louis Lombardi

    c. Re-depose Sean Dexter, if warranted, based upon testimony of the Informant

    d. Obtain review of sealed records pertaining to interview with Informant

4. Plaintiffs shall be afforded <u>Four Hours</u> for each of the above depositions. Defendants are entitled to assert appropriate objections at deposition, including valid objections to questions posed by plaintiffs that have already been asked at previous depositions.

5. Plaintiffs' counsel is not permitted to re-ask Lombardi (and Dexter if his deposition is necessary) questions posed during their previous depositions, nor may he simply reformat previous questions to circumvent this Order. Plaintiffs' counsel may ask Lombardi whether testimony adduced during his original deposition has changed; if the answer is in the affirmative, counsel may explore the issue further. If the response is in the negative, counsel will move on to another question or topic. Plaintiffs' counsel is permitted inquiry into the facts and circumstances which underlie the criminal conduct, to which Lombardi has pled guilty, for the purpose of attempting to do discovery as to whether there is any connection between the criminal indictment

and the incident that was the subject of this court's order granting summary judgment. Plaintiffs' counsel is not permitted to inquire as to any possible use of an illicit substance by Lombardi at any time, up to and including the present.

6. Absent justifiable cause, the above discovery must be completed by the next Case Management Conference, currently scheduled for May 18, 2012 in this department. The parties are to meet and confer on all deposition dates. Defendants are directed to aid plaintiffs in obtaining review of the sealed records pertaining to the Confidential Reliable Informant. To the extent that disclosure of those records may not be obtained without court order, the parties are to raise that issue before this Court within a reasonable time of this fact becoming known. The Court will then issue the appropriate Order.

7. This Court hereby orders that the next Case Management Conference be held on May 18, 2012. The parties are to meet and confer prior to that hearing and are directed to submit a joint Case Management Statement one week prior.

IT IS SO ORDERED.

DATED:   4/16/12

_____
United States District Judge

APPROVED AS TO FORM.

DATED:                          GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.


By    /s/
_____
ROBERT W. HENKELS
Attorneys for Defendant
NORMAN WIELSCH

///

///

DATED: EDRINGTON, SCHIRMER & MURPHY


By   /s/
    PETER P. EDRINGTON
    Attorneys for Defendants
    LESTER GALER, PHIL GALER, SEAN
    DEXTER, and LOUIS LOMBARDI

DATED: LAW OFFICE OF JOHN BURRIS


By   /s/
    STEVEN R. YOURKE
    Attorneys for Plaintiffs
    TIMOTHY MITCHELL, SR., PAULETTE
    MITCHELL, individually and as successor in
    interest to TIMOTHY MITCHELL, JR.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

- 4 -
[Proposed] Order Re Case Management Conference