IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MITCHELL, SR., et al. | No. C 09-00794 SI |
| Plaintiffs, | **ORDER GRANTING MOTION TO QUASH** |
| v. | |
| CITY OF PITTSBURG, et al., | |
| Defendants. / | |

On July 30, 2012, the U.S. Attorneys' Office moved to quash a subpoena served on it and the FBI by plaintiffs in this excessive force case. Plaintiffs seek production of "all documents including investigative reports and witness statements relating to any allegations of criminal wrongdoing by CNET Commander Norman Wielsch, CNET Agent Louis Lombardi and any other CNET agents, from 2001 through 2009." *See* Mot. to Quash, Ex. 4 (Dkt. 232). Pursuant to 28 C.F.R. §§ 16.22(d), plaintiffs provided the required "description of the documents or information sought, and [their] relevance to the proceeding." *Id.* Plaintiffs stated that the relevance of the subpoenaed records was as follows:

> In light of the numerous criminal charges now pending against Wielsch and the many criminal charges to which Lombardi has pleaded guilty, Plaintiffs believe that CNET, Wielsch and Lombardi executed the warrant on Tim Mitchell's apartment in order to steal cash, jewelry, contraband or other valuables that might be found in Mitchell's apartment.

Mot. to Quash, Ex. 4.

The Court discussed plaintiffs' theory that the search warrant was sought and executed in order to steal from Mitchell in its August 13, 2012 Order Granting in Part Defendants' Motions to Reinstate Summary Judgment. *See* Dkt. 241 at 21-22. The Court found that plaintiffs have provided no evidence that tends to establish this theory, nor have they demonstrated its relevance to the Fourth Amendment

inquiry. Defendant officers, on the other hand, have provided evidence that none of the other officers (besides Lombardi and Wielsch) were engaged in any criminal activity or had knowledge of any criminal activity by Lombardi and Wielsch. In particular, the lead investigator into Wielsch's and Lombardi's criminal activity has provided a declaration stating that there is no evidence that the other officers involved in executing the warrant – Phil Galer, Les Galer, and Sean Dexter – "had any involvement in, or knowledge of, any of the criminal actions for which Wielsch and Lombardi have been charged." Jackson Decl. (Dkt. 153-2), ¶ 2. All of the evidence has shown that it was Dexter – not Wielsch or Lombardi – who led the investigation and developed the operational plan to search Mitchell's apartment. *See* Aug. 13, 2012 Order at 21. The investigation also found no evidence that "any action taken by CNET detectives in planning and attempting service of a search warrant on Timothy Mitchell and his residence on March 11, 2008, including the discharge of Sgt. Les Galer's weapon at Mr. Mitchell, was in any way unlawful." *Id.* at ¶ 3. Moreover, the search warrant was signed by a judge and was supported by a probable cause statement (written by Dexter) that has since been corroborated by deposing the confidential informant who provided the underlying information. *See* Aug. 13, 2012 Order at 16. Finally, the Court noted that plaintiffs had not established how the intentions of one or two of the officers affected the Fourth Amendment analysis of the officers' actions. *Id.* (*citing Whren v. U.S.*, 517 U.S. 806, 813 (1996)).

Per that discussion, the Court finds that plaintiffs have failed to establish the relevancy of their attempts to gather evidence of CNET officers' past criminal conduct. The Court therefore GRANTS the U.S. Attorneys' motion to quash the subpoenas as served on them and the FBI.

**IT IS SO ORDERED.**

Dated: August 13, 2012

SUSAN ILLSTON
United States District Judge